**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SUSAN FITZGERALD, on behalf of** | ) | |
| **A.E.F., a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.     CIV-08-680-HE** |
| **MICHAEL J. ASTRUE, Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her child's application for Supplemental Security Income benefits (SSI) under §1614(a)(3)(C) of the Social Security Act and 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for SSI on June 30, 2004 alleging a disability since her date of birth, May 28, 1994 (TR. 59-63).  The application was denied on initial consideration and on reconsideration at the administrative level (TR. 38, 37).  Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on March 21, 2007 (TR. 267-292). The Plaintiff appeared through her mother, Susan Fitzgerald, and with her attorney representative. Both Plaintiff and her mother offered testimony in support of the application (TR. 270-292). The ALJ issued her decision on January 15, 2008 finding that Plaintiff was not entitled to

SSI (TR. 13-27). The Appeals Council denied the Plaintiff's request for review on May 6, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992). (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the three-step sequential evaluation process established for minor children and set forth in 20 C.F.R. §416.924(a). At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 16). At step two, the ALJ concluded that the Plaintiff suffers from severe impairments due to borderline intellectual functioning and a heart transplant (TR. 16). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §416.924. 416.925 and 416.926) (TR. 16). The ALJ further found at step three that Plaintiff did not have an impairment of combination of impairments that functionally equaled the listings (20 C.F.R. §416.924(d) and 416.926a) (TR. 16).

2

Thus, at step three of the sequential evaluation process used for determining disability for children the ALJ found that Plaintiff was not disabled (TR. 27).

On appeal to this Court, Plaintiff alleges that the ALJ: (I) erred in evaluating the medical evidence; (II) erred in failing to properly discuss Plaintiff's impairments in relation to the listings; and (III) erred in her credibility analysis.

# I.

Plaintiff alleges that the ALJ erred in evaluating the medical evidence (See Plaintiff's Brief at pages 2-7). Specifically, she argues that the ALJ failed to discuss and improperly disregarded the opinions of Plaintiff's treating physician, Kent E. Ward, M.D. (pediatric cardiologist). In March 2007, Dr. Ward completed a Functional Equivalence form in which he responded "Yes" to the following three questions:

> Does the child's impairment(s) produce limitation(s) of specific function(s) that is/are the same as that/those in a listed impairment? If the child's impairment(s) is characterized by frequent illnesses or attacks, or by exacerbations and remission, does it produce disabling functional limitations that are the same as the disabling functional limitations of a listed impairment with similar episodic criteria? If the child's impairment(s) requires treatment over a long period of time (i.e., at least a year), are the functional limitations resulting from treatment, by themselves (e.g., multiple surgeries) or in combination with limitations caused by the impairment(s), the same as the disabling functional limitations of any listing with criteria based on treatment (including side effects of medication)?

(TR. 256). In support of his findings, Dr. Ward, stated that Plaintiff underwent a heart transplant at birth and since that time had been on anti-rejection medications; and that she was "prone to infections and pneumonia 5x/yr." (TR. 254).

The Commissioner responds to Plaintiff's argument by arguing that these statements by Dr. Ward are not medical opinions and "can never be entitled to controlling weight or given special significance" (citing SSR 96-5p, 20 C.F.R. §416.927(e) and the unpublished 10th Cir. case of *Balthrop v. Barnhart*, 116 Fed. Appx. 929 (2004)). SSR 96-5p provides in pertinent part that:

The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner.

Nevertheless, our rules provide that adjudicators <u>must always carefully consider</u> medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. <u>For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us</u>.

However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance...

However, <u>opinions from any medical source on issues reserved to the Commissioner must never be ignored</u>. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. <u>If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record</u>.

(emphasis mine). In *Bathrop*, Plaintiff argued that the ALJ improperly discounted an opinion expressed by a physician, that Plaintiff was "totally disabled and unable to be gainfully employed at this time." *Bathrop* at 932. The ALJ discounted this conclusory statement and criticized the opinion as contradicted by the physician's "very own evaluation on that same date, as well as other medical evidence in the file." *Id.* at 932. Bathrop differs from the present case in that the ALJ in *Bathrop* actually acknowledged and discussed the physician's opinion.

In the present case the statements of Dr. Ward may not be entitled to controlling weight or special significance and may fail to even qualify as medical opinions since they purport to cover issues reserved to the Commissioner. Nevertheless, these statements cannot be ignored because even opinions on administrative issues reserved to the Commissioner are still evidence that cannot simply be disregarded. *See* SSR 96-5p. *Id* at 933. On remand, the ALJ should specifically consider the statements of Dr.Ward and provide the required analysis under SSR 96-

4

5p. The Commissioner also argues that Dr. Ward's statements were properly ignored by the ALJ in that they not relate to the "final rules" which require medically determinable impairments that cause marked limitations in two of six domains. 20 C.F.R. §416.926a(b) (See Defendant's Brief at page 6). The ALJ should thoroughly discuss this point on remand after she acknowledges the existence of these statements and evaluates them as evidence.

## II.

Plaintiff also argues on appeal that the ALJ erred in failing to properly discuss Plaintiff's impairments in relation to the listings (See Plaintiff's Brief at page 8). The ALJ's failure to consider the statements of Dr. Ward in her decision serves to taint her conclusions at step three.  On remand the ALJ should specifically identify the listing(s) under which Plaintiff is being evaluated.

## III.

Plaintiff further argues on appeal that the ALJ erred in her assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 8-9). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  *Id.*  Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors may

be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).   *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer some discussion of Plaintiff's credibility (TR. 18). However, the ALJ ignores the analysis required by *Kepler* and neglects to provide a meaning discussion which supports her reasoning. The ALJ offers only that

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the statements concerning the intensity, persistence and limiting effect of the claimant's symptoms are not entirely credible

(TR. 17). The ALJ's credibility analysis is insufficient according to *Kepler*. The province of the court is not to pan through the ALJ's decision hoping to find randomly dispersed nuggets of evidence which support the ALJ's formulaic credibility finding. On remand, the ALJ should analyze Plaintiff's

credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 26th day of May 2009.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE